United States District Court
Southern District of Texas
**ENTERED**
April 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN GREER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4:19-cv-03436 |
| CARPENTERS LANDING HOA & § | |
| FIRSTSERVICE RESIDENTIAL HOUSTON, § | |
| INC., SLATER PUGH, AND NICHOLAS § | |
| ADAM PUGH, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on Defendant Carpenters Landing HOA's ("CLHOA") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 13. Having considered the parties' submissions and the law, the Court **RECOMMENDS** that CLHOA's Motion to Dismiss be **GRANTED**.

### I.  BACKGROUND

The facts as alleged in Greer's Complaint are as follows: Greer is a homeowner and member of Carpenters Landing HOA ("CLHOA"). Dkt. 11 at 2. Greer and CLHOA have been in a long-running dispute regarding Greer's allegedly unpaid HOA membership dues. *Id*. In 2016, Greer filed suit against Slater Pugh, a third-party who served as debt collector for CLHOA between 2015 and 2017, for violations of the Fair Debt Collection Practices Act ("FDCPA") related to attempts to collect Greer's outstanding HOA membership dues. *Id*. Greer settled with Slater Pugh in January 2017. *Id*. at 3. Greer alleges in this suit that he believed Slater Pugh would pay his outstanding HOA membership dues owed to CLHOA as part of the settlement. *Id*. Greer made no HOA membership payments to CLHOA from January 2017 to June 2017, based on his belief

1

that the entire debt had been discharged as a result of his settlement with Slater Pugh. *Id.* In January 2018, Greer learned that Slater Pugh had not made any payments to CLHOA to satisfy his outstanding debt. *Id.* CLHOA filed a Rule 736 application for an expedited order allowing foreclosure of a lien against Greer. *Id.*

Greer filed the present suit against CLHOA in state court in July 2019 and CLHOA removed the case to federal court. Dkt. 1. Greer filed his First Amended Complaint on October 8, 2019, adding Slater Pugh and Nicholas Adam Pugh as Defendants. Dkt. 9. Greer filed a Second Amended Complaint on October 16, 2019 adding a Texas state law claim against FirstService Residential Houston, Inc., CLHOA's current third-party debt collector. Dkt. 11. CLHOA filed its present Motion to Dismiss Greer's First and Second Amended Complaints against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. 13. Greer filed a timely Response. Dkt. 15.

## II.     ANALYSIS

### A. Rule 15 Standards and the Second Amended Complaint

A party may amend its pleading *once* as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days of service of a responsive pleading or a motion under FRCP 12(b), (e), of (f), whichever is earlier. FED. R. CIV. P. 15(a)(1)(A)-(B). Otherwise, a party may amend its pleading *only by leave of court* or written consent of the opposing party. FED. R. CIV. P. 15(a)(2). Failure to request leave of court as required results in a pleading with no legal effect. *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). However, an amended pleading filed without the required leave may still be considered properly filed if leave would have been granted had it been sought, and no

party would be prejudiced by the amendment. *Vantage Trailers, Inc. v. Beall Corp.*, Civil Action No. H-06-3008, 2007 WL 9705996, at *1 (S.D. Tex. Oct. 1, 2007) (citations omitted).

Greer filed his Second Amended Complaint without obtaining the required leave of court. The Second Amended Complaint merely adds a state law claim against FirstService Residential Houston, Inc. ("FirstService"). The additional state law claim, which involves third-party debt collection practices, is clearly related to Greer's existing claims for violations of the FDCPA.

The Court will treat Greer's Second Amended Complaint as having been properly filed. The Court would have granted leave to amend and add the state law claim had leave been sought. The amendment does not prejudice any Defendants: the parties will be in the same positions, diversity jurisdiction will be unaffected, and available defenses will remain unchanged. *See U.S. ex rel. Mathews*, 332 F. 3d at 296-97 (discussing *Hicks Resolution Trust Corp.*, 767 F. Supp. 167, 170 (N.D. Ill. 1991) ("[T]he court considered the amended complaint filed . . . because the complaint 'merely alleged additional theories of liability based on the same set of facts,' which the court would have allowed the plaintiff to re-file."); *see also Koesler v. Beneficial Fin. I, Inc.*, 267 F. Supp. 3d 873, 879 (W.D. Tex. 2016) (citations omitted) (considering an amended complaint filed where "the parties would be in the exact same position" if the court treated the improper amended complaint as filed). Furthermore, as a matter of procedure, it is more expedient to consider the Second Amended Complaint than to strike it and grant leave to file another complaint raising the same issues. *See U.S. ex rel. Mathews*, 332 F. 3d at 296-97 (discussing *Hicks Resolution Trust Corp.*, 767 F. Supp. at 170) ("[T]he court considered the amended complaint filed . . . [because] it was more procedurally expedient to consider the complaint filed than to strike the amended complaint and then grant leave to file another complaint that raised the exact same

issues."). Therefore, the Court considers the Second Amended Complaint to be in effect and denies CLHOA's request to strike it.

### B. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Rule 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the Court does not apply the same presumption to conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. at 678-79.

### C. Greer has failed to plead any relevant duty owed to him by CLHOA.

Greer alleges identical negligence causes of action against CLHOA in the First and Second Amended Complaints. Greer argues CLHOA breached its duty to "maintain accurate membership accounts" and to "detect its agent, Nicholas Adam Pugh, had filed false documents with a government agency." Dkt. 11 at 5. To successfully plead a negligence claim, Greer must allege facts showing: (1) existence of a duty, (2) breach of that duty, and (3) damages proximately caused by the breach. *Clark Fire Equip., Inc. v. Arkema, Inc.*, 176 F. Supp. 3d 646, 648 (S.D. Tex. 2016). Greer has failed to state a claim to relief because he has failed to allege any facts establishing that CLHOA owed him a relevant duty.

A legal duty can be imposed by law, via statute or the general duty of care recognized at common law, or by contract. *Hayes v. U.S.*, 899 F.2d 438, 443-44 (5th Cir. 1990); *J.P. Morgan Chase Bank, N.A. v. Texas Contract Carpet, Inc.*, 302 S.W.3d 515, 530 (Tex. App. 2009). In his Response to CLHOA's Motion to Dismiss, Greer cites Texas Property Code § 209 as the source of CLHOA's duties. Dkt. 15 at 2. Section 209 does not explicitly provide a duty to keep accurate records of member accounts or to ensure its agents do not make false filings. In fact, § 209 includes only one subsection dealing with member account records, and that subsection provides that a HOA comprised of more than 14 lots shall adopt and comply with a certain document retention policy. Tex. Prop. Code Ann. § 209.005. Nothing in that subsection or any other subsection of § 209 imposes a duty on an HOA to maintain accurate membership account records. *Id.* Similarly, § 209 does not impose a duty on HOA's to monitor their agent's filings with governmental agencies. Greer has failed to identify any statutory or common law source of the duties he alleges CLHOA's conduct breached. Finally, Greer completely failed to identify or plead any facts demonstrating a contract between the parties or any contractual duty breached by CLHOA. Because Greer has failed to plead facts identifying *any* duty owed by CLHOA which was breached, his negligence cause of action should be dismissed.

**D. Application of the economic loss rule would make amendment futile.**

A motion to dismiss under Rule 12(b)(6) is disfavored and, if granted, a plaintiff should be given leave to amend if the defect can be cured. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citations omitted); *Adams v. Nissan N. America, Inc.*, 395 F. Supp. 3d 838, 857 (S.D. Tex. 2018). However, it is within the Court's discretion to deny leave where amendment would be futile. *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d

465, 468 (5th Cir. 2010) (citations omitted). CLHOA argues amendment would be futile because the economic loss rule would bar Greer's negligence claims against it. Dkt. 16 at 6.

The economic loss rule generally "precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (citations omitted). However, it does not bar all tort claims between contracting parties. *Id*. A party states a tort claim that is not barred by the economic loss rule when the "duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit." *McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 474-75 (5th Cir. 2015) (citations omitted).

In this case, CLHOA argues the relationship between Greer and CLHOA was governed solely by the "Declaration of Covenants, Conditions, and Restrictions for [CLHOA]." Dkt. 16 at 4. CLHOA argues, and this Court agrees, that Greer has failed to identify any duty that has been breached independent of the parties' contract or the nature of his loss, thereby triggering the economic loss rule. *Id*. Because the economic loss rule would bar Greer's claims against CLHOA, amendment would be futile, and the claims should be dismissed with prejudice. However, if Greer chooses to file objections to this Court's Memorandum and Recommendation as outlined below and identifies facts which remove his claims from the scope of the economic loss rule, the Court will reconsider this Memorandum and Recommendation.

## III.  CONCLUSION

Greer has failed to allege any facts establishing any relevant duty owed to him by CLHOA and the nature of the loss he suffered as a result of the alleged breach of duty. On this record, the economic loss rule would bar Greer's claims, making amendment futile. Therefore, it is

**RECOMMENDED** that Greer's negligence claims against CLHOA be **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). It is **RECOMMENDED** that Greer be given an opportunity to plead additional facts in his objections that would take his negligence claims against CLHOA outside of the scope of the economic loss rule. Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed at Houston, Texas on April 6, 2020.

_____
Christina A. Bryan
United States Magistrate Judge