United States District Court
Southern District of Texas
**ENTERED**
May 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN GREER, | § |
| *Plaintiff*, | § § § |
| v. | § § |
| CARPENTERS LANDING HOA & FIRSTSERVICE RESIDENTIAL HOUSTON, INC., SLATER PUGH, AND NICHOLAS ADAM PUGH, | § § § § § |
| *Defendants.* | § § |

CIVIL ACTION NO. 4:19-cv-03436

## ORDER

This matter is before the Court on FirstService Residential Houston, Inc.'s ("FirstService") Motion for Summary Judgment. ECF No. 35. Having considered the parties' arguments and the law, the Court **RECOMMENDS** FirstService's Motion for Summary Judgment be **GRANTED**.

On September 3, 2020, the Court issued a Memorandum and Recommendation recommending FirstService's Motion to Dismiss be converted, in part, to a motion for summary judgment and FirstService be given 21 days from adoption of the order to file any additional summary judgment briefing and evidence. ECF No. 30. Judge Miller adopted the Court's Memorandum and Recommendation in its entirety on October 20, 2020. ECF No. 31. Therefore, FirstService was required to file any summary judgment briefing and evidence by November 10, 2020. FirstService filed its summary judgment briefing "in the early hours" of November 11, 2020. ECF No. 35. FirstService filed a supplement to its summary judgment briefing on November 12, 2020. ECF No. 36. The Court grants leave to FirstService for the late filings and will consider FirstService's Motion for Summary Judgment and supplemental evidence. Greer has made no argument that consideration of the Motion would be prejudicial to him and the late

1

filing does not delay the Court. *See Vinmar Overseas, Ltd. v. E-Biofuels, LLC*, Civil Action No. H-08-1440, 2009 WL 10701033, at *2 (S.D. Tex. Oct. 16, 2009) (considering summary judgment response filed ten days late because the movant had not shown it would suffer prejudice if the court considered the response and the late response did not delay the court).

## I. Background

Greer is a homeowner and member of Carpenters Landing HOA ("CLHOA"). ECF No. 11 ¶ 9. Greer and CLHOA have been in a long-running dispute regarding Greer's allegedly unpaid HOA membership dues. *Id*. In 2016, Greer filed suit against Slater Pugh, a third-party who allegedly served as debt collector for CLHOA between 2015 and 2017. *Id*. Greer settled his suit against Slater Pugh in January 2017. *Id*. ¶ 3. Following the settlement, Greer did not pay any outstanding HOA membership dues to CLHOA based on his belief that Slater Pugh would pay the dues as part of the settlement of the lawsuit. *Id*. ¶ 11. However, neither Greer nor Slater Pugh made any payment to CLHOA after the settlement. *Id*. ¶ 12.

Greer alleges that he first learned Slater Pugh had not made any payments to CLHOA on his behalf on July 26, 2018 when he received a letter from FirstService informing him that FirstService was attempting to collect a debt owed by Greer to CLHOA for the outstanding HOA dues. *Id*.; ECF No. 11-3. Greer has sued FirstService in the present action as the "management company and third party debt collector for CLHOA" raising three claims: (1) that FirstService violated the FDCPA, 15 U.S.C. § 1692g(a)(4)-(5), by making misleading statements; (2) that FirstService violated the FDCPA, 15 U.S.C. 1692e(11), by failing to give required disclosures of debt collection communications; and (3) that FirstService violated the Texas Finance and Commerce Code, § 391.101(a), by conducting third-party debt collection activities without a

surety bond issued by a surety company authorized to do business in the state of Texas.  ECF No. 11 ¶¶ 16-21.  FirstService has moved for summary judgment on each of these claims.

## II. Legal Standards

Summary judgment is required where "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The movant bears the initial burden of informing the court of the basis for the motion and identifying the portions of the record it believes demonstrate the absence of a genuine issue of material fact.  If the burden of proof at trial lies with the non-movant, the movant may satisfy its initial burden by showing an absence of evidence to support the non-movant's case.  *Redeemed Christian Church of God v. U.S. Citizenship & Immigr. Sec'y*, 331 F. Supp. 3d 684, 693 (S.D. Tex. 2018) (citing *Fret v. Melton Truck Lines, Inc.*, 706 F. App'x 824, 828 (5th Cir. 2017)).  In doing so, it need not negate the elements of the non-movant's case.  *Id.* (citing *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014)).  If the movant meets its initial burden, the non-movant cannot survive summary judgment by resting on mere allegations in its pleadings.  *Bailey v. E. Baton Rouge Parish Prison*, 663 F. App'x 328, 331 (5th Cir. 2016) (quotations omitted).  Instead, the non-movant must "identify specific evidence in the record and articulate how that evidence supports that party's claim."  *Redeemed Christian Church of God*, 331 F. Supp. 3d at 693 (citing *Willis v. Cleco Corp.*, 749 S.3d 314, 317 (5th Cir. 2014)).  In deciding a summary judgment motion, the Court draws all reasonable inferences in the light most favorable to the non-movant.  *Id.* (citations omitted).

To recover under the FDCPA, Greer must show: (1) he has been the object of collection activity arising from a consumer debt; (2) FirstService is a "debt collector" under the FDCPA; and (3) FirstService has violated a provision of the FDCPA.  *Stewart v. Alonzo*, Civil Action No. C-

08-347, Civil Action No. C-08-347, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009) (citations omitted). The FDCPA defines "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, indirectly or directly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a. The Fifth Circuit has clarified that there are two categories of debt collectors under the statutory definition: (1) "those who collect debts as their 'principal purpose'" and (2) "those who do so 'regularly.'" *Hester v. Graham, Bright & Smith P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008). Specifically excluded from the definition of debt collector is

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a.

To recover under § 391.101(a) of the Texas Finance Code, Greer must show that FirstService is a third-party debt collector that engaged in debt collection practices without first obtaining a surety bond issued by a surety company authorized to do business in the State of Texas. TEX. FIN. CODE § 391.101(a). The Texas Finance Code adopts the FDCPA definition of debt collector and applies it to third-party debt collectors. Therefore, in order for each of his claims to survive summary judgment, Greer must demonstrate that FirstService is a debt collector as contemplated by the FDCPA.

### III.  Analysis

**A.  Greer has failed to demonstrate that FirstService is a debt collector under the FDCPA.**

FirstService argues in its Motion for Summary Judgment that Greer has failed to demonstrate that FirstService is a debt collector within the meaning of the FDCPA and Texas Finance Code.  Specifically, FirstService points to a lack of evidence that it uses "the mails in any business the principal purpose of which is the collection of debts" or that it "regularly collects or attempts to collect" debts owed to another.  *See* 15 U.S.C. § 1692a (defining "debt collector" in the FDCPA).  In Response, Greer offers only two "facts" suggesting Greer meets the debt collector definition: (1) the management agreement between CLHOA and FirstService states FirstService is authorized to collect debts owed to CLHOA and (2) the CLHOA resident access portal[1] states homeowners can "make payments online."  The management agreement provides

> [CLHOA] authorizes [FirstService] to take such action or to engage third-parties as may be necessary to collect unpaid periodic assessment payments which are due from Owners pursuant to the Governing Documents.  [CLHOA] expressly authorized [FirstService] to pursue delinquent accounts . . . and to[] the extent permitted by applicable law and the Governing Documents and, upon Board approval, institute legal proceedings through [CLHOA's] legal counsel on behalf of [CLHOA] for the foreclosure of those liens or other encumbrances and for the collection of unpaid assessments or other charges, including costs of collection.  In the event it becomes necessary to institute legal proceedings, those proceedings shall be brought in the name of [CLHOA], upon the direction of the Board.

ECF No. 35-4 at 5.  These facts are insufficient to raise a genuine issue of material fact as to whether the principal purpose of FirstService's business is debt collection.  The management agreement does not identify the principal purpose of FirstService's business as debt collection.  Instead, it indicates FirstService's business involves many functions, one of which is collecting past due amounts on behalf of the Association.

---

[1] The parties dispute whether this website is owned by FirstService of CLHOA.  Whether the webpage is owned by FirstService or CLHOA does not affect this Court's ruling on FirstService's Motion for Summary Judgment.

Even if debt collection is not the principal purpose of a business, that entity may still "regularly" collect debts. "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activities." *Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007) (citations omitted). "[I]f the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity." *Hester*, 289 F. App'x at 41 (quoting *Garrett v. Derbes*, 110 F.3d at 317, 318 (5th Cir. 1997)). Greer has failed to identify any evidence demonstrating the volume of FirstService's debt collection activities. Although the Management Agreement authorizes FirstService to "take receipt of payments resulting from Assessments and other payments to the Association[,]" (ECF No. 35-4 at 2), Greer has presented no evidence demonstrating the frequency or regularity of FirstService's collection of Assessments. Therefore, Greer has failed to raise a genuine issue of material fact as to whether FirstService is a debt collector under the FDCPA. FirstService's Motion for Summary Judgment should be granted on Greer's FDCPA and TDCPA claims.

**2. Even if Greer had raised a fact issue regarding FirstService's status as a debt collector, FirstService's collection activities are incidental to a bona fide fiduciary obligation.**

Even assuming Greer had raised a genuine issue of material fact as to FirstService's status as a debt collector, the FDCPA and Texas Finance Code exclude from the definition of "debt collector" any person whose debt collection activities are incidental to a bona fide fiduciary obligation. 15 U.S.C. § 1692a(6)(F). Under Texas law, a formal fiduciary relationship arises as a matter of law between a principal and agent. *Cardinal Health Solutions, Inc. v. Valley Baptist Med. Center*, 643 F. Supp. 2d 883, 887 (S.D. Tex. 2008). "Agency is a fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his

6

behalf and subject to his control, and consent by the other so to act." *Id*. (citations omitted) (quoting *Arguello v. Conoco, Inc.*, 207 F.3d 803, 807 (5th Cir. 2000)).

FirstService's summary judgment evidence includes the Management Agreement between FirstService and CLHOA, which defines FirstService as an "agent" of CLHOA.[2] ECF No. 35-4 at 2. The Management Agreement sets forth the "Agent Scope of Work" and identifies FirstService's General Duties and Responsibilities: "The duties and responsibilities of Agent are to assist the Board in the operation and administration of [CLHOA] as set forth in this Agreement." *Id*. at 3. The Management Agreement requires FirstService as Agent to "furnish its best skill and judgment . . . in furthering the interests of [CLHOA] in regard to the management, operation and maintenance of the Common Areas[,]" and "be responsible for implementing any decisions and policies duly established by the Board of [CLHOA]." *Id*. The Management Agreement also authorizes FirstService as CLHOA's agent to, among other things: oversee CLHOA's funds and operating accounts; make payments on its behalf; hire and appoint managerial personnel; enter into contracts in the name of CLHOA; respond in the event of emergencies and take emergency actions; inspect and maintain common areas; maintain financial records; prepare and deliver notices of and information for Board meetings; identify violations of and enforce governing documents; assist in notifying homeowners of policies, rules, and regulations; procure insurance; manage access systems and reservations of amenities; and prepare an annual budget for the Association. *Id*. at 3-8. The Management Agreement also authorizes FirstService to collect unpaid assessments owed to CLHOA by homeowners. *Id*. at 5 ("The Association [CLHOA] expressly

---

[2] In addition, FirstService presented affidavit testimony by an authorized representative of FirstService stating that FirstService "is a property management company" that "entered into a contract with [CLHOA] to provide management services to [CLHOA] and to authorize [FirstService] as a managing agent for [CLHOA]."

authorizes Agent [FirstService] to pursue delinquent accounts in accordance with applicable law and the procedures set forth in the Governing Documents [of CLHOA].").

The summary judgment evidence demonstrates that First Service acts as an agent of CLHOA and is charged with a wide variety of duties and obligations to CLHOA. A review of the summary judgment evidence demonstrates that the collection activities are merely one of many obligations with which FirstService is charged under the Management Agreement. In other words, the collection activities "are not central to, or the primary purpose of, [FirstService's] fiduciary obligations [to CLHOA]." *Raburn v. Community Management, LLC*, 761 F. App'x 263, 267 (5th Cir. 2019). Therefore, FirstService's debt collection activities are incidental to its fiduciary obligation and FirstService is excluded as a debt collector under the FDCPA and Texas Finance Code. *Id*. ("Several sister courts have held that debt collection activities are incidental only if they are not central to, or the primary purpose of, an entity's fiduciary obligations."); *Iraheta v. Thurman Phillips, P.C.*, SA-20-CV-00003-XR, 2020 WL 4808764, at *7 (W.D. Tex. Aug. 18, 2020) (granting summary judgment in favor of property management company because its collection efforts were incidental to its fiduciary obligations to homeowner's association and, therefore, property management company was excluded from definition of "debt collector" in the FDCPA).

### IV. Conclusion

For the reasons discussed above, the Court **RECOMMENDS** FirstService's Motion for Summary Judgment be **GRANTED**. The Clerk of Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal

conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed at Houston, Texas on May 12, 2021.

_____
Christina A. Bryan
United States Magistrate Judge