United States District Court
Southern District of Texas
**ENTERED**
June 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN GREER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-19-3436 |
| § | |
| CARPENTERS LANDING HOMEOWNER'S § | |
| ASSOCIATION, INC., *et al.*, § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Christina Bryan. Dkt. 44. The M&R recommends that defendant FirstService Residential Houston, Inc.'s ("FirstService") motion for summary judgment be granted. *Id.* Plaintiff Greer filed objections to the M&R. Dkt. 45. After considering the M&R, objections, and applicable law, the court is of the opinion that the M&R should be ADOPTED IN FULL.

**II. LEGAL STANDARD**

A party may file objections to a magistrate judge's ruling within fourteen days of being served with a copy of a written order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). The standard of review used by the district court depends on whether the magistrate judge ruled on a dispositive or non-dispositive motion. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). For dispositive motions, district courts "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

**III. ANALYSIS**

The motion at issue here is dispositive and has been properly objected to. Thus, the court will conduct a de novo review. Judge Bryan recommended granting FirstService's motion for

summary judgment because Greer fails to demonstrate a genuine issue of material fact that FirstService is a debt collector under the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA"). Dkt. 44. Judge Bryan also reasoned that, even if Greer demonstrated a genuine issue of material fact as to FirstService's status as a debt collector, FirstService's collection activities are incidental to a bona fide fiduciary obligation; thus, "FirstService is excluded as a debt collector under the FDCPA and Texas Finance Code." *Id.* Greer objects for several reasons, each of which the court will address in turn.

First, Greer objects to Judge Bryan's finding that FirstService is not a debt collector subject to the FDCPA or the TDCA. Dkt. 45. Specifically, he contends that "[a] simple declaration" from FirstService's authorized representative could have clarified whether FirstService is a debt collector because FirstService could have stated that FirstService is *not* a debt collector subject to the FDCPA or the TDCA. *Id.* He contends that FirstService's "omission[s] leave[] . . . issue[s] of material fact to be decided" as to whether FirstService is a debt collector subject to the FDCPA and the TDCA. *Id.* But on a motion for summary judgment,

> [t]o establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, demonstrate that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense.

*Iraheta v. Thurman & Phillips, P.C.*, No. SA-20-CV-00003-XR, 2020 WL 4808764, at *3 (W.D. Tex. Aug. 18, 2020). The movant "need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). FirstService does not have to support its motion for summary judgment with evidence negating Greer's case where, as here, Greer bears

2

the burden of proof at trial.[1]  "Once the movant satisfies his burden, the nonmovant may not rest on the pleadings, but must present competent summary judgment evidence showing a genuine fact issue for trial exists."  *MRC Energy Co. v. U.S. Citizenship & Immigr. Servs.*, No. 3:19-CV-2003-K, 2021 WL 1209188, at *2 (N.D. Tex. Mar. 31, 2021).  Greer submits no competent summary judgment evidence to support his contention that FirstService is a debt collector subject to the FDCPA and the TDCA.  Thus, the court finds that Greer fails to demonstrate a genuine issue of material fact as to FirstService's status as a debt collector.

Greer next objects to Judge Bryan's conclusion that even if Greer raised a genuine issue of material fact regarding FirstService's status as a debt collector, FirstService's debt collection activities are incidental to its fiduciary obligation to Carpenters Landing Homeowner's Association ("CLHOA"), and thus, FirstService is excluded as a debt collector under the FDCPA and the Texas Finance Code.  Dkt. 45.  Greer contends that a genuine dispute of material fact remains because FirstService could have stated that "a fiduciary duty existed and that debt collection was an 'incidental duty'" in its declaration, "but no such declaration was made."  *Id.*  But the absence of a declaration from FirstService specifically stating that it had a fiduciary duty to CLHOA is not enough to create a genuine dispute of material fact on this issue.  For the reasons set forth in Judge Bryan's order, the court finds that (1) FirstService had a fiduciary obligation to

---

[1] "[T]o prevail on an FDCPA claim, plaintiff must prove the following: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Browne v. Portfolio Recovery Assocs., Inc.*, No. CIV.A. H-11-02869, 2013 WL 871966, at *4 (S.D. Tex. Mar. 7, 2013) (Miller, J.).  To recover under the Texas Finance Code, Greer must show that FirstService is a third-party debt collector engaged in debt collection practices without obtaining "a surety bond issued by a surety company authorized to do business" in Texas.  Tex. Fin. Code § 392.101(a).  The Texas Finance Code explicitly references the FDCPA's definition of "debt collector" to define "third-party debt collector" in the Texas Finance Code.  Tex. Fin. Code § 392.001(7).

CLHOA as CLHOA's agent; and (2) FirstService's collection activities were incidental to its fiduciary obligation to CLHOA. *See* Dkt. 44 at 6–8. FirstService's management agreement with CLHOA lists debt collection as one of its many varied obligations. Dkt. 35-4. Greer fails to produce any controverting evidence to suggest that the primary purpose of FirstService's obligations is the collection of debts. Thus, because FirstService's collection activities were not the central or primary purpose of its fiduciary obligations to CLHOA, FirstService is excluded as a debt collector under the FDCPA and the Texas Finance Code. *See* Dkt. 44 at 6–8; *see also Raburn v. Cmty. Mgmt., L.L.C.*, 761 F. App'x 263, 267 (5th Cir. 2019) ("Several sister courts have held that debt collection activities are incidental . . . if they are not central to, or the primary purpose of, an entity's fiduciary obligations").

Greer also objects to Judge Bryan's finding that FirstService has an agency relationship with CLHOA. *Id.* Greer contends that FirstService is an independent contractor with no fiduciary relationship to CLHOA because the management agreement between FirstService and CLHOA states that "'Agent' means FirstService . . . a Texas Corporation dba FirstService Residential which is an Independent Contractor, authorized to act within the scope of this Agreement as expressly set forth herein." Dkt. 35-4 at 2. But courts must read contracts as a whole—not by isolating a certain phrase or section of an agreement. *See, e.g.*, *Bazan v. State Farm Lloyds*, No. 7:17-CV-00402, 2018 WL 1518552, at *3 (S.D. Tex. Mar. 28, 2018) (Alvarez, J.). The management agreement expressly appoints FirstService as an agent of CLHOA, and FirstService is referred to as "agent" throughout the agreement. Dkt. 35-4 at 2. Moreover, FirstService is listed as the managing agent for CLHOA in CLHOA's Managing Agent's Certificate. Dkt. 35-5. "An agency relationship can be established by either an express or implied agreement between the agent and

4

principal." *Coffey v. Fort Wayne Pools, Inc.*, 24 F. Supp. 2d 671, 677 (N.D. Tex. 1998). The court finds that FirstService and CLHOA had an express agreement for FirstService to act as CLHOA's agent. Thus, the court rejects Greer's argument that FirstService did not have an agency relationship with CLHOA.

Greer's last objection is that Judge Bryan improperly weighed the evidence in recommending that FirstService's motion for summary judgment be granted because she did not view the facts in the light most favorable to him as the non-moving party. Dkt. 45. But courts "resolve factual controversies in favor of the nonmoving party . . . only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. Thus, Greer's objections are OVERRULED.

### IV. CONCLUSION

Greer's objections are OVERRULED (Dkt. 45), and the M&R (Dkt. 44) is ADOPTED IN FULL. FirstService's motion for summary judgment is GRANTED. Dkt. 35. Greer's claims against FirstService are DISMISSED WITH PREJUDICE.[2]

Signed at Houston, Texas on June 8, 2021.

_____
Gray H. Miller
Senior United States District Judge

---

[2] The court is not entering a final judgment concurrently with this order because two defendants remain, but neither has been served. Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." This order serves as the notice required by Rule 4. Greer must file a response to this order by July 12, 2021, that establishes good cause for the failure to timely and properly effect service. *See* Fed. R. Civ. P. 4(m). Failure to do so will result in dismissal of this case without prejudice as to the remaining two defendants, Nicholas Adam Pugh and Slater Pugh, LTD, LLP.